[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff entered into a three year contract with Stephen Brickel d/b/a Cottman Transmission Center wherein the plaintiff would provide Brickel with uniforms, mats, towels and other laundry related goods and services. David Russell began doing business as Cottman Transmission Center "as a successor and [sic] interest to" Brickel on or before June 1, 1990.
The plaintiff further alleges that Russell ratified the original contract between the plaintiff and Brickel by accepting the plaintiff's services for a number of weeks after taking over the Cottman franchise. Russell later canceled the contract by not accepting services and refusing to pay the liquidated damages as specified in the contract. The plaintiff alleges in the second count of the complaint that this constituted a breach of contract. The plaintiff alleges in the third count that Cottman Transmission Centers ["Cottman"], a chain of transmission centers, breached the plaintiff-Brickel contract and tortiously interfered with that contract by terminating Brickel as it licensee. CT Page 9794
Russell and Cottman move to strike second and third counts.
Russell argues that the plaintiff has not sufficiently pled a ratification claim in the first count of the complaint. "Ratification is defined as the affirmance by a person of a prior act which did not bind him but which was done or professedly done on his account. Ratification requires acceptance of the results of the act with an intent to ratify, and with full knowledge of all the material circumstances." Russell v. Dean Witter Reynolds, Inc., 200 Conn. 172, 185, 510 A.2d 972 (1986) (citations omitted) (emphasis in original).
Even assuming that the plaintiff has sufficiently pled the elements of ratification as outlined above, "[t]he plaintiff fails to recognize that before the receipt of benefits may constitute ratification, the other requisites for ratification must first be present. `Thus, if the original transaction was not purported to be done on account of the principal, the fact that the principal receives its proceeds does not make him a party to it."' Botticello v. Stefanovicz, 177 Conn. 22, 29, 411 A.2d 16 (1958). The court in Botticello held that because the original party to the contract never purported to act on the behalf or the party allegedly ratifying the contract, there was no ratification. Botticello, supra, 29.
Ratification is a principle of agency law. The plaintiff has not pled any facts which would show an agency relationship, nor has the plaintiff pled any facts which would show that the contract between Brickel and the plaintiff "was done or purportedly done on [Russell's] behalf." The plaintiff has not sufficiently pled a ratification of the contract by Russell. The motion to strike the second count is granted.
Cottman seeks to strike the third count of the complaint arguing that the plaintiff has not pled all necessary elements of a tortious interference with contractual relations claim.
The elements of a cause of action for tortious interference with contractual relations are "the existence of a contract or beneficial relationship; the defendant's knowledge of that relationship; the intent to interfere with it; and the consequent actual loss suffered by the plaintiff." Soloman v. Aberman,196 Conn. 359, 383, 493 A.2d 193 (1985). The Connecticut Supreme Court has stated that in a cause of action for tortious interference with business relations "the plaintiff must plead and prove at least some improper motive or improper means." Id., 365 (emphasis added). A cause of action for interference with business relations and a cause of action for interference with contractual relations are identical. Harry A. Finman Son, Inc. CT Page 9795 v. Connecticut Truck Trailer Service Co., 169 Conn. 407, 415,363 A.2d 86 (1975).
The plaintiff has not pled any improper motive on Cottman's part. Nor has the plaintiff pled any knowledge of the contract between Brickel and the plaintiff, nor that Cottman intended to interfere with the contractual relationship. The plaintiff has simply pled that Cottman's act of terminating Brickel as its license constituted tortious interference with the plaintiff's contractual relationship with Brickel. The motion to strike the third count is granted.
MEADOW, J.